# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.K., a minor, by and through his guardian ad litem, and parent, AYDIN KOCATASKIN,<br><br>Plaintiff,<br><br>v.<br><br>SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-05032-SPG-MAA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]** |

Before the Court is Defendant Santa Monica-Malibu Unified School District's Motion to Dismiss Plaintiff B.K.'s Complaint. (ECF No. 10). Plaintiff opposes. The Court has read and considered the matters raised with respect to the Motions and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. Having considered the parties' submissions and the relevant law the Court GRANTS Defendants' Motion.

## I. BACKGROUND

### A. Factual Background

The following facts are alleged in Plaintiff's Complaint:

Plaintiff is in middle school and intends to begin high school this year at Santa Monica High School ("SMHS"). (ECF No. 1 ("Compl.") ¶¶ 11, 16). Plaintiff has been swimming with a swimming team, Santa Monica Aquatics, for five years, and has achieved top rankings. (*Id.* ¶ 12). He hopes to compete in the 2028 Olympics and wants to train for more than four hours a day, six days a week during his freshman year of high school. (*Id.* ¶¶ 13–15). Given his competitive swimming training schedule, when Plaintiff was in school at Lincoln Middle School, he was allowed to participate in Independent Study Physical Education ("ISPE"). (*Id.* ¶ 17). Plaintiff expected that he would qualify for ISPE at SMHS as well. (*Id.* ¶ 18).

With that in mind, on February 8, 2023, Plaintiff's father Aydin Kocataskin ("Aydin") began reaching out to counselors, advisors, coaches, and the athletics director at SMHS regarding B.K.'s request to participate in ISPE. (*Id.* ¶ 20). Plaintiff's father explained that enrollment in ISPE was critical for management of B.K.'s academics and athletics. (*Id.* ¶ 21). However, his requests were denied. On February 23, 2023, for instance, the athletic director at SMHS informed Plaintiff's father that "ISPE is not meant for any sport that we offer on campus – like swimming," because "if [SMHS] offers the sport/activity, then it will not be approved for ISPE." (*Id.* ¶ 22). After these initial exchanges, Plaintiff's father officially applied for ISPE on B.K.'s behalf, but the application was formally denied on May 6, 2023. (*Id.* ¶ 25). Without approval of his participation in the ISPE program, Plaintiff will have to participate in one hour of PE during the semester when swimming is not offered at the school. (*Id.* ¶ 26). When swimming is offered, Plaintiff will spend the hour in a classroom studying. (*Id.*).

Plaintiff alleges that SMHS has engaged in arbitrary, capricious, and inconsistent administration of the ISPE program, including by granting some swimmers, but not others,

enrollment in the program. (*Id.* ¶¶ 27–28). Plaintiff further states that his mental and physical well-being are suffering due to SMHS's refusal to allow him ISPE. (*Id.* ¶ 31).

In light of the denial of Plaintiff's application, on May 8, 2023, Plaintiff's father requested Defendant's data regarding ISPE enrollment. (*Id.* ¶ 32). On May 26, 2023, Defendant's Community & Public Relations Officer informed Plaintiff's father that she had received numerous spreadsheets from the school and that it would take a few weeks to provide the requested information. (*Id.* ¶ 33). While waiting for a response regarding the requested records, Plaintiff's father appealed the denial of ISPE on May 11, 2023. (*Id.* ¶ 34). On June 2, 2023, the school's principle sent a letter confirming the denial of ISPE because swimming was offered at SMHS and because Plaintiff was not outperforming the CIF qualifying standards. (*Id.* ¶ 35). The letter also stated that "ISPE semesters have not been granted this year to any student for a sport offered by the school unless there were individual academic conflicts with the student schedule" and found that Plaintiff did not fall into that category. (*Id.*). Plaintiff's father responded several days later, on June 5, 2023, by letter, and stated that the school's reasoning was false because it did not offer swimming year-round and because, even when swimming was offered, it was not as competitive as the swimming Plaintiff engaged in with his swim team. (*Id.* ¶ 36). The letter also took issue with Defendant's statement that Plaintiff was not sufficiently advanced to qualify for ISPE because he was not outperforming the CIF qualifying standards. (*Id.*). When Defendant did not change its position regarding granting ISPE, this lawsuit ensued.

### B. Procedural Background

Plaintiff filed his Complaint in this action on June 24, 2023. (ECF No. 1). On July 28, 2023, Defendant filed the instant Motion. (ECF No. 10). Plaintiff filed an untimely opposition. (ECF No. 11 ("Opp.")).

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A

complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). When resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal is affirmed only if it appears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *City of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020) (internal citation and quotation marks omitted). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

## III. DISCUSSION

Defendant brings the instant Motion to challenge the entirety of Plaintiff's Complaint on various grounds. First, Defendant argues that Plaintiff has failed to adequately allege a federal cause of action, leaving this Court without subject matter jurisdiction. Second, Defendant argues that, even if this Court were to find it did have subject matter jurisdiction, Plaintiff has likewise failed to adequately state any of his state law claims. Plaintiff opposes each of these arguments. Because the Court agrees with Defendant that Plaintiff has failed to adequately state a federal cause of action thereby depriving this court of subject matter jurisdiction, the Court will not analyze the adequacy of Plaintiff's state law claims.

### A. Plaintiff's Equal Protection and Procedural Due Process Claims

Plaintiff brings claims pursuant to 28 U.S.C. § 1983 for violation of both procedural due process and the equal protection clause. Section 1983 does not itself create substantive rights, but instead provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a claim under § 1983 a plaintiff must therefore demonstrate: (1) a deprivation of a constitutional or federal statutory right; and (2) that the defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, section 1983 does not support a theory of respondeat superior. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Here, Plaintiff alleges that he has been deprived of the fundamental right of equal access to education. (Compl. ¶¶ 39–50). While Defendant contends that the United States Constitution guarantees no such fundamental right, the Court is faced with a threshold issue regarding Plaintiff's § 1983 claims: immunity under the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment bars federal courts from hearing claims by individuals against state entities unless the state consents to the suit or Congress has expressly abrogated the state's immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54–55 (1996). As Defendant argues, the Ninth Circuit has held that California's school districts

receive Eleventh Amendment immunity from claims under § 1983 because they are "controlled and funded by the state government rather than the local districts."[1] *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 251 (9th Cir. 1992); *see also Stoner v. Santa Clara Cnty. Off. Of Educ.*, 502 F.3d 1116, 1122 (9th Cir. 2007) ("We have held that a California school district and county office of education are arms of the state for purposes of Eleventh Amendment sovereign immunity."); *Brynjolfsson v. State Agency Los Angeles Unified School District*, 576 F. App'x 679, 697 (9th Cir. 2014) ("district court properly dismissed [plaintiff's] action against LAUSD on the basis of Eleventh Amendment immunity"); *Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) ("school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity"). Therefore, Defendant is immune from Plaintiff's first and second claims, to the extent they are brought under § 1983.[2] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("jurisdictional bar of Eleventh Amendment applies regardless of the nature of the relief sought"); *see also In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001) (finding *Ex Parte Young* exception to Eleventh Amendment immunity did not apply where action was brought "against the State Board, and not against the appropriate officers of the State Board"); *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864–65 (9th

---

[1] Defendant also argues that Plaintiff's equal protection and due process claims fail for several additional reasons, including failure to adequately plead membership in a protected class. (Mot. at 10–12). However, because the Court finds that Defendant is immune from Plaintiff's § 1983 claims under the Eleventh Amendment, the Court does not reach these arguments.

[2] Defendant is also immune to the claims to the extent they are brought under a California constitutional counterpart. "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law" and "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst*, 465 U.S. at 106 ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment," and "this principle applies as well to state-law claims brought into federal court under pendent jurisdiction"); *see also Corales*, 567 F.3d at 573 (district court correctly found school districts in California immune from state civil rights claims brought in federal court as well as § 1983 claims).

Cir. 2016) (exception to Eleventh Amendment Immunity bar to suit applies to the extent a plaintiff seeks prospective injunctive relief against state officials, but not divisions, instrumentalities, or arms of the state).[3] Therefore, the Court dismisses Plaintiff's § 1983 claims against the District with prejudice. However, to the extent that Plaintiff seeks, as represented in the Opposition, to amend these claims and bring them against individual officials, the Court finds dismissal with prejudice would be premature and grants leave to amend on that narrow basis.

### B. Plaintiff's Title VI Claim

Title VI of the Civil Rights Act prohibits discrimination based on "race, color, and national origin" in programs and activities receiving federal financial assistance. *See* 42 U.S.C. § 2000(d). To state a claim under the statute, a plaintiff must allege that (1) the defendant has discriminated against him based on his race or nationality and (2) that the defendant is an entity receiving federal financial assistance. *Davison ex rel. Sims v. Santa Barbara High School Dist.*, 48 F. Supp. 2d 1225, 1229 (C.D. Cal. 1998). A plaintiff must further allege that the discrimination was intentional. *Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945, 953–54 (9th Cir. 2020) (citing *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001)). To show intentional discrimination, a plaintiff "must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009). Dismissal of a Title VI claim is appropriate where a plaintiff fails to

---

[3] To the extent Plaintiff seeks prospective injunctive relief, state officials may be sued in their official capacity for such relief under the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908). This relief may only be obtained for ongoing violations of federal law, which the Court doubts Plaintiff can show, given Plaintiff's current definition of a protected class as "competitive swimmers." Furthermore, the Complaint has not yet named any individual defendants, nor made clear whether a suit against them would fall into the exception set forth in *Young*. In opposition to the instant Motion, Plaintiff asks the Court to construe the Complaint as naming individual officials, but to do so would improperly allow Plaintiff to bypass amending his Complaint.

allege any evidence to indicate racial bias motivated a defendant's action. *See Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 944 (D. Idaho 2014), *aff'd*, 667 F. App'x 241 (9th Cir. 2016). To survive a motion to dismiss, the allegations of discriminatory motivation must be "plausible, not merely possible." *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009).

Here, Plaintiff's Complaint alleges that "Plaintiff B.K. is a member of a protected class of middle-school swimmers in high-school" and states that he was "treated differently than those similarly situated outside of the other swimmers, and non-swimmers." (Compl. ¶ 88). Defendant argues that, based on these allegations, Plaintiff has not stated a claim under Title VI, which applies to discrimination based on "race, color, and national origin." Plaintiff opposes the motion arguing that he is of "Turkish-Islamic ethnic background and heritage." (Opp. at 26). The opposition also states that Plaintiff believes Defendant has discriminated against him on the basis of race, national origin, religion, and/or ethnic background. (*Id.*). However, Plaintiff's Complaint lacks any factual allegations to support this argument. Plaintiff's only reference to his race, national origin, or ethnic background in his Complaint is one line in which is alleges, in a conclusory fashion, that "defendants discriminated against Minor-Plaintiff B.K. on the basis of race and against similarly-situated swimmers, which interfered with Minor Plaintiff B.K.'s rights to, and protected activity of, an education." (Compl. ¶ 92). This on its own is insufficient to state a claim for discrimination under Title VI. *See e.g.*, *King v. Bd. Of Trustees of California State Univ.*, No. C 14-5020 LB, 2015 WL 1519268, at *3 (N.D. Cal. Apr. 2, 2015) ("Plaintiff's statement that he 'identifies as Negro or African American and believes the impact was discriminatory along the line of race, color, or national origin' . . . is conclusory and insufficient to meet the *Iqbal-Twombly* standard" for purposes of stating a Title VI claim). Furthermore, the Complaint goes on to allege that "Defendants treated Minor-Plaintiff B.K. differently than non-swimmers, other swimmers, and other sports team minor-members of the Defendant." (*Id.* ¶ 93). The Complaint does not mention Plaintiff's practice of Islam. It likewise does not provide any factual support for the idea that Plaintiff was denied ISPE

based on his race or religion. Instead, all allegations describe membership in a class of "competitive swimmers." Thus, the only mention of racial discrimination in Plaintiff's Complaint is entirely conclusory and contradicts the existing factual allegations in the Complaint. Therefore, as currently stated, Plaintiff has not stated a claim for discrimination under Title VI. However, because it is not clear whether Plaintiff is able to allege facts to support the opaque statement that he was discriminated against based on race, the Court will allow Plaintiff a chance to amend his Complaint.

### C. Plaintiff's Title IX Claim

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "Title IX 'encompass[es] diverse forms of intentional sex discrimination.'" *Schwake v. Arizona Bd. Of Regents*, 967 F.3d 940, 946 (9th Cir. 2020) (quoting *Jackson v. Birmingham Bd. Of Educ.*, 544 U.S. 167, 173 (2005)). Here, Plaintiff's Complaint includes no allegations that he was discriminated against based on his sex. *See* (Compl. ¶¶ 96–104). In Plaintiff's opposition to the instant Motion, Plaintiff alleges that he does claim that he was "prohibited from the ISPE based on his sex/gender" but that allegation is not reflected in the Complaint itself. Moreover, Plaintiff's factual allegations in the Complaint indicate that Plaintiff does not believe he was discriminated against based on his sex, but, instead based on his classification as a competitive swimmer. Therefore, Plaintiff has failed to state a claim for violation of Title IX. While the Court is mindful that leave to amend is to be freely given, and therefore will grant it, the Court cautions Plaintiff not to make allegations simply for the sake of making them. The Court will not grant Defendant's motion for sanctions at this time, but encourages Plaintiff to be mindful not to bring frivolous claims when amending the Complaint.

### D. Plaintiff's First Amendment Claim

As a preliminary matter, it is not clear from the allegations of the Complaint precisely what claim Plaintiff seeks to bring under the First Amendment, as Plaintiff has

persisted in what appears to be a typographical error regarding 20 U.S.C § 4701. Plaintiff also alleges in conclusory fashion that the claim is based on an equal protection violation of the Fourteenth Amendment and on violation of his right to "Free Speech, Expressive Association under the First Amendment." (Compl. ¶ 108). However, under any theory of a First Amendment violation, Plaintiff has not adequately pled facts to support this claim. For instance, if Plaintiff seeks to bring the claim under 20 U.S.C. § 4071, as Defendant suggests, Plaintiff would have to show that Defendant "deni[ed] equal access or a fair opportunity to, or discriminate[d] against, any students who wish[ed] to conduct a meeting within that limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings." 20 U.S.C. § 4071(a). Plaintiff's complaint alleges no "religious, political, or philosophical content" that Plaintiff wishes to, or has, espoused. Indeed, Plaintiff does not make clear what membership, speech, or expressive acts he believes led to a First Amendment violation. As such, Plaintiff's First Amendment claim is inadequate as pled. However, because Plaintiff has not yet had an opportunity to amend, as above, the Court will grant Plaintiff one further opportunity to amend, while cautioning Plaintiff not to bring futile or frivolous claims.

### E. Supplemental Jurisdiction

Defendant argues that, should the Court dismiss Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[4] A district court may decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"). Here, because the Court finds dismissal of Plaintiff's federal claims appropriate, the Court declines to address the Motion's arguments as to Plaintiff's state law claims. If Plaintiff does not amend the complaint to properly state a federal claim for relief by the

---

[4] The Complaint does not allege that diversity jurisdiction applies here.

deadline set forth below, the Court will dismiss the remaining state law claims without prejudice to them being brought in an appropriate state forum.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is hereby GRANTED. Plaintiff shall file an amended complaint in compliance with this Order, if any, within fourteen (14) calendar days of the date of this order.

IT IS SO ORDERED.

DATED:  August 31, 2023



HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE