| | |
|---|---|
| 1 | BORDIN SEMMER LLP |
| | Joshua Bordin-Wosk, State Bar No. 241077 |
| 2 | jbordinwosk@bordinsemmer.com |
| | Benjamin A. Sampson, State Bar No. 291797 |
| 3 | bsampson@bordinsemmer.com |
| | 6100 Center Drive, Suite 1100 |
| 4 | Los Angeles, California 90045 |
| | Telephone:  (323) 457-2110 |
| 5 | Facsimile:  (323) 457-2120 |
| 6 | Attorneys for SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT, COLEEN DAVENPORT, ANTONIO SHELTON, JON KEAN |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| B.K. a minor, by and through his guardian ad litem, and parent, AYDIN KOCATASKIN, | | Case No.: 2:23-cv-05032-SPG-MAA |
| Plaintiff, | | |
| v. | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)** |
| SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT; COLEEN DAVENPORT, an individual; ANTONIO SHELTON, an individual; JON KEAN, an individual; SANTA MONICA-MALIBU UNIFIED SCHOOL BOARD, an administrative body; and, DOES 5-10, INCLUSIVE, | | |
| Defendants. | | **Hearing** |
| | | Date:  November 29, 2023 |
| | | Time: 1:30 p.m. |
| | | Courtroom: 5C |
| | | Hon. Sherilyn Peace Garnett |

I. INTRODUCTION ........................................................................................... 1
II. STATEMENT OF FACTS .............................................................................. 2
   A. PARTIES ................................................................................................ 2
   B. GENERAL ALLEGATIONS .................................................................. 2
   C. FIRST CAUSE OF ACTION .................................................................. 4
   D. PLAINTIFF'S SECOND CAUSE OF ACTION ..................................... 5
   E. PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION ............. 5
   F. PLAINTIFF'S FIFTH THROUGH EIGHTH AND TENTH CAUSES OF ACTION ................................................................................................. 6
   G. PLAINTIFF'S NINTH AND ELEVENTH CAUSES OF ACTION ........ 6
III. ARGUMENT .................................................................................................. 6
  A. STANDARD ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ... 6
  B. PLAINTIFF'S FEDERAL CLAIMS ARE MERITLESS............................ 7
  C. AS PLAINTIFF HAS NO VIABLE FEDERAL CLAIM, THIS COURT LACKS SUBJECT MATTER JURISDICTION ...................................... 10
IV. CONCLUSION ............................................................................................ 11

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................. 7

*Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir.1998) .......................... 8

*C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015) ..................... 7

*El-Shaddai v. Zamora*, No. CV 13-2327 RGK(JC), 2018 WL 3201859, at *12 (C.D. Cal. June 27, 2018) ............................................................................... 10

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ............................................................................................................ 10

*Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 870 (N.D. Cal. 1992) ...................................................................................................... 7

*King v. Bd. Of Trustees of California State Univ.*, No. C 14-5020 LB, 2015 WL 1519268, at *3, N.D. Cal. Apr. 2, 2015 ........................................................ 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ........................... 10

*Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) ................................... 8

*Plyler v. Doe*, 457 U.S. 202 (1982) .................................................................. 8

**Statutes**

20 U.S.C. § 1681 ............................................................................................. 8

42 U.S.C. § 1983 ........................................................................................ 1, 4

42 U.S.C. § 1988 ............................................................................................. 5

Cal. Ed. Code, § 35162 ................................................................................... 1

Cal. Ed. Code, § 51222 ................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff B.K. ("Plaintiff") has filed a lawsuit alleging that he is a competitive swimmer that seeks to require the Santa Monica-Malibu Unified School District ("District") to allow him to engage in independent study in lieu of his physical education class requirements. As a matter of law, California school districts are obligated to have students participate in physical education. *See* Cal. Ed. Code, § 51222. Plaintiff has now added individual defendants Coleen Davenport, Antonio Shelton, Jon Kean to the case. Plaintiff also purports to sue "Santa Monica-Malibu Unified School Board," which apparently is just another way of suing the District. *See* Ed. Code, § 35162 (providing that school boards may sue or be sued "[i]n the name by which the district is designated"). All of Plaintiff's claims against all Defendants are without merit.

Plaintiff alleges that the District denied him independent study on the grounds that the District offers swimming as an on-campus activity. Plaintiff complains that being required to participate in physical education classes will in some way interfere with his future ambitions to compete at the Olympics. Alleging that he is part of a protected class of competitive swimmers, Plaintiff alleges various claims based on 42 U.S.C. § 1983, the Equal Protection Clause of the U.S. Constitution, Plaintiff's right to an education under California law, and various state common law torts.

The Court already granted a prior motion to dismiss Plaintiff's Complaint. The Court graciously granted Plaintiff leave to amend, but cautioned Plaintiff to state legally and factually valid claims, to avoid making "allegations simply for the sake of making them," and to be "mindful not to bring frivolous claims." (DKT #20 at p. 9:21-25.) For the reasons set forth below, Plaintiff and his counsel have unfortunately failed to heed the Court's warnings. Defendants respectfully request that the Court dismiss the First Amended Complaint without leave to amend.

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

## II. STATEMENT OF FACTS

### A. PARTIES

Plaintiff is a minor. (DKT #21 at ¶ 1.) He is of Turkish-Islamic ethnic background. (*Id.* at ¶ 10.) The District is an "educational institution within the County of Los Angeles and operates pursuant to, and under the auspices of, state law." (*Id.* at ¶ 11.) The Santa Monica-Malibu Unified School Board is alleged to be an "administrative body" with a website. (*Id.* at ¶ 12.) Coleen Davenport is the athletic director for Santa Monica High School. (*Id.* at ¶ 19.) Antonio Shelton is the superintendent for the District. (*Id.* at ¶ 20.) Jon Kean is a board member for the District. (*Id.* at ¶ 21.)

### B. GENERAL ALLEGATIONS

Plaintiff alleges his claims arise from an "arbitrary, capricious and unwarranted refusal to grant Independent Study Physical Education" to Plaintiff, who is alleged to be "profoundly gifted swimmer" and a rising freshman in high school. (DKT #21 at ¶ 2.) Plaintiff alleges that this has "adversely impacted [his] academic and athletic aspirations, caused emotional harm, and violated B.K.'s right to equal access to education." (*Id.*) Plaintiff alleges that he "believe[s] the [District] has discriminated based on race, gender, national origin, religion, and/or ethnic background." (*Id.* at ¶ 10.)

Plaintiff alleges he made a timely request for Independent Study Physical Education ("ISPE"). (DKT #21 at ¶ 5.) Plaintiff's sister is a cross-country runner and was "offered ISPE" because "ISPE is not offered at school."[1] (DKT #21 at ¶ 8.)

Plaintiff alleges the following as the basis for the Court's subject matter jurisdiction:

> This litigation arises under the applicable laws of the federal and state constitutions. There is federal subject matter jurisdiction in this case based on TITLE IX claims; arbitrary and capricious standard against the BOARD's athletic

---

[1] It is unclear what Plaintiff is alleging with this self-contradictory allegation or how it is relevant to Plaintiff's claims.

**2**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

eligibility determinations; and, other federal constitutional violations.

(DKT #21 at ¶ 26.)

Plaintiff alleges that he is a member of "a protected class of competitive swimmers." (DKT #21 at ¶ 29.) Plaintiff claims to be one of the top swimmers in his peer group. (*Id.* at ¶ 31.) He "wants to compete at the highest levels of swimming." (*Id.* at ¶ 32.) He alleges that he has a strenuous schedule because he expects "to be moved up to the National Prep group." (*Id.* at ¶ 34.)

While Plaintiff was in middle school, he was permitted to participate in ISPE to accommodate his swimming schedule. (DKT #21 at ¶ 35.) Plaintiff expected this to continue in high school, as he "assumed he would qualify for ISPE." (*Id.* at ¶ 36.) Plaintiff claims that he reached out to the high school's swimming coach for information but Davenport "prevented the coach in providing this information." (*Id.* at ¶ 39.) Plaintiff's allegations suggest he might have felt insulted when Davenport offered only the statement to Plaintiff's father that "if your son makes the team," and expresses indignation that Davenport did not "look up [his] official times." (*Id.* at ¶ 41.) Plaintiff believes that Davenport misrepresented the competitiveness of the high school swimming team. (*Id.* at ¶¶ 42-44.)

Apparently, the swimming coach suggested that Plaintiff "continue swimming with his club team and stay in a study room by the pool during school team practices." (DKT #21 at ¶ 45.) Plaintiff's father expressed concern to Davenport about Plaintiff's schedule. (*Id.* at ¶ 46.) Plaintiff then alleges:

> Defendant DAVENPORT did immediately shut AYDIN down by saying "it is a parents' decision" and she did not care about the athlete at all. An in-coming freshman thirteen-years old makes the third best time in school's swim team tryouts and Athletic Director Defendant DAVENPORT does not care about this freshman athlete's wellbeing. Defendant DAVENPORT is an incompetent director.

(DKT #21 at ¶ 47.)

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

In February of 2023, Davenport informed Plaintiff that ISPE "is not meant for any sport that we offer on campus – like swimming" and that ISPE will not be approved for sports the school offers. (DKT #21 at ¶ 48.) Plaintiff alleges that two swimmers were approved for ISPE in the same year. (*Id.* at ¶ 49.) The District did not grant ISPE to Plaintiff. (*Id.* at ¶ 50.)

Plaintiff's father complained to the School Board. (DKT #21 at ¶ 51.) He complains that he did not receive a reply until after following up. (*Id.*) Shelton and other board members "did nothing" and did not respond. (*Id.*) Kean did not respond to Plaintiff's complaints. (*Id.* at ¶ 52.) Plaintiff complains that Defendants did not respond when Plaintiff's father said he would hire a lawyer. (*Id.*) Kean then later responded to an e-mail that he would not be able to respond due to this lawsuit. (*Id.* at ¶¶ 53-54.) Meanwhile, the swimming team coach offered that during the spring Plaintiff could practice with his club team and during swimming practices at the school Plaintiff could use the study room by the school and provide PE credit for that. (*Id.* at ¶ 55.)

Plaintiff again applied for ISPE and was denied because the activity is offered on campus. (DKT #21 at ¶ 56.) Plaintiff appealed. (DKT #21 at ¶ 59.) The school principal reaffirmed the denial of ISPE. (*Id.* at ¶ 60.) Plaintiff complained that the swimming at the high school "is not at the same level as the kind of training" Plaintiff usually does. (*Id.* at ¶ 61.) Plaintiff believes the District sets too high a bar to allow Plaintiff to get what he wants and alleges that the denial of ISPE is "baseless". (*Id.* at ¶¶ 62-64.)

### C. FIRST CAUSE OF ACTION

Plaintiff alleges that both the United States and California have "codified the right to education" within their "constitutional framework." (DKT #21 at ¶ 66.) Plaintiff alleges that he is protected from discrimination "based on race and other arbitrary and capricious criteria such as athletic eligibility determinations." (*Id.* at ¶ 69.) Plaintiff alleges that he has a right to education under 42 U.S.C. § 1983, the Civil

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

Rights Act of 1964, and Title IX. (*Id.* at ¶ 70.)

Plaintiff alleges that all Defendants have "arbitrarily and capriciously discriminated against" him. (DKT #21 at ¶¶ 71-73.) Plaintiff alleges that he "fall[s] under *Monell* protection" and that he was discriminated against by being denied ISPE. (*Id.* at ¶ 74.) He alleges Defendants have "engaged in discriminatory practices" by denying him ISPE. (*Id.* at ¶ 75.) Plaintiff alleges that the "discriminatory purpose" of Defendants "can be demonstrated" in their actions toward Plaintiff and his father. (*Id.* at ¶ 77.) Plaintiff complains that he was improperly denied ISPE that had been granted to other swimmers. (*Id.* at ¶¶ 78, 93.) Plaintiff complains that this has denied him "equitable educational access and P.E. via the ISPE." (*Id.* at ¶ 89.) Plaintiff claims that Defendants have arbitrarily managed ISPE. (*Id.* at ¶ 90.) Plaintiff seeks damages and attorneys fees under 42 U.S.C. § 1988. (*Id.* at ¶ 101.)

### D.  PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff again alleges that both the United States and California constitutions "unequivocally recognize[] the educational rights" of citizens. (DKT #21 at ¶ 103.) By denying ISPE, Plaintiff alleges Defendants have violated Plaintiff's constitutional rights. (*Id.* at ¶ 104.) Plaintiff seeks an order compelling Defendants to "provide suitable, appropriate educational accommodations." (*Id.* at ¶ 108.) Plaintiff asks for money damages and attorneys' fees because he has been forced to bring a claim under the California Constitution. (*Id.* at ¶¶ 109-110.)

### E.  PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION

Although labeled as brought under state and federal law, (DKT #21 at p. 21:25-26), Plaintiff's Third Cause of Action alleges that Defendants have violated the California Education Code, (DKT #21 at ¶ 112). Plaintiff alleges that the denial of ISPE denied Plaintiff his right to equal educational opportunities. (*Id.* at ¶¶ 113-118.) Defendant seeks money damages, an injunction, and attorneys' fees. (*Id.* at ¶¶ 119-122.) Plaintiff's Fourth Cause of Action is brought under "the California Civil Rights Act." (*Id.* at ¶ 124.) Plaintiff alleges that Defendants violated Plaintiff's civil rights by

denying him ISPE when he claims it was granted to other swimmers. (*Id.* at ¶¶ 125-129.) Plaintiff seeks money damages, injunctive relief, and attorneys' fees. (*Id.* at ¶¶ 129-132.)

### F. PLAINTIFF'S FIFTH THROUGH EIGHTH AND TENTH CAUSES OF ACTION

Plaintiff's Fifth through Eighth Cause of Action are common law tort and quasi-contract claims for negligence, negligent misrepresentation, promissory estoppel, and breach of fiduciary duty premised on the denial of ISPE. (DKT #21 at ¶¶ 133-201.) Plaintiff's Tenth Cause of Action is for injunctive relief on the grounds that he could be injured if he has to participate in P.E. and thus might lose his swimming career. (*Id.* at ¶¶ 225-228.) Plaintiff asks that the Court order Defendants to grant ISPE to Plaintiff. *Id.* at ¶¶ 229-233.)

### G. PLAINTIFF'S NINTH AND ELEVENTH CAUSES OF ACTION

Plaintiff alleges that the denial of ISPE violates Title IX. (DKT #21 at ¶¶ 202-213.) Plaintiff alleges that Defendants are required to treat male and female students equally. (*Id.* at ¶ 214.) Plaintiff then alleges that Defendants violated his right to "access to extracurricular activities under 20 U.S.C. § 4701," his First Amendment rights, and his right to Equal Protection under the Fourteenth Amendment. (*Id.* at ¶ 217.) Defendant alleges that he has standing because he has been threatened with some injury. (*Id.* at ¶¶ 217-221.)

The Eleventh Cause of Action is for "Violation of First Amendment Rights." (Dkt #21 at ¶ 235.) Plaintiff appears to be alleging that the denial of ISPE is in some way hindering Plaintiff's participation in a swimming club and that this violates the First Amendment and the "Equal Access Act." (*Id.* at ¶¶ 234-252.)

### III. <u>ARGUMENT</u>

#### A. STANDARD ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim tests the complaint's legal

sufficiency. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed where the plaintiff fails to state a valid legal theory for recovery or where the plaintiff fails to allege facts sufficient to show a basis for recovery under a plausible legal theory. *Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 870 (N.D. Cal. 1992). To survive a motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Facts that allow nothing more than a mere *possibility* of misconduct are not sufficient to state a plausible claim for relief. *Id.*

### B. PLAINTIFF'S FEDERAL CLAIMS ARE MERITLESS

Plaintiff's amended claims – to the extent they are substantively amended at all – lack merit as a matter of law. The Court warned Plaintiff that the District was immune from claims under Section 1983 and dismissed those claims with prejudice. (DKT #20 at pp. 6:11-12, 7:3-4.) While Plaintiff scrubbed the reference to Section 1983 from the *title* of his First Cause of Action, Plaintiff persists in bringing it as a 1983 claim for relief under that federal statutory scheme. (*See* DKT #21 at ¶¶ 70, 74, 101.) Plaintiff does not distinguish as to which claims are brought against which defendants, and it appears that his 1983 claim is again brought against the District. The District is immune from 1983 claims. *See C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015). Plaintiff thus not only fails to state a valid claim, but he violates the Court's prior order dismissing the 1983 claim against the District with prejudice.

Plaintiff apparently hopes to evade the Court's prior order by adding individual defendants. Plaintiff's claim is not intelligibly stated, and he has not alleged any acts or omissions by any of Defendants that constitute a violation of a "clearly established" fundamental Constitutional right under the United States Constitution. *See Marsh v.*

*Cnty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). Education itself is not a fundamental right under the U.S. Constitution. *Plyler v. Doe*, 457 U.S. 202, 223 (1982) ("Nor is education a fundamental right; a State need not justify by compelling necessity every variation in the manner in which education is provided to its population.").

Plaintiff does not allege any denial of education or equal access to education on the basis of any Constitutionally protected status. Competitive swimmers are not mentioned explicitly or by an reasonable inference in the United States Constitution. Plaintiff does not allege any facts that suggest that the decision to deny ISPE was in any way motivated by race, gender, or any other protected class under the Equal Protection Clause. *See Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir.1998).

Plaintiff's conclusory assertion that he *believes* the denial of ISPE *might* be motivated by his ethnic or religious heritage is simply not sufficient to state a plausible claim for a Constitutional violation. *See King v. Bd. Of Trustees of California State Univ.*, No. C 14-5020 LB, 2015 WL 1519268, at *3, N.D. Cal. Apr. 2, 2015. Plaintiff and his counsel cannot claim they were not aware of the inadequacy of such conclusory and speculative assertions, as the Court pointed it out in its prior order granting the motion to dismiss. (DKT #20 at ¶8:14-24) The Court previously rejected Plaintiff's suggestion that he can bring Constitutional claims on nothing more than being denied independent study as a competitive swimmer. (DKT #20 at p. 9:1-7.) Plaintiff nonetheless ignored the Court's warnings.

Plaintiff's Ninth Cause of Action is for violation of Title IX. Title IX prohibits excluding a person from participation in educational programs receiving federal financial assistance <u>on the basis of sex</u>. 20 U.S.C. § 1681. Plaintiff does not allege that he was denied participation in an educational program based on sex. Plaintiff thus does not allege the most fundamental element of a Title IX claim.

Plaintiff's overall theory of Constitutional violation is facially preposterous and wastes the Court's and the District's time and resources. There need be no dispute

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

of the truth of Plaintiff's allegations that he is an accomplished swimmer, that his aspirations are admirable and legitimate, and that he works very hard. Even if completely true, or even understatement, that does not entitle him to a Constitutional right to demand that a school district accommodate his desired training regimen or to provide him special treatment or anything at all as a "competitive swimmer." One can appreciate a parent's desire to accommodate his son's dreams and athletic aspirations; that does not justify a lawsuit because the parent wants his son to be given independent study, (DKT #21 at ¶ 37), or because the parent feels he is entitled to immediate and sympathetic responses from school board members to the parent's complaints about independent study (even while the parent is threatening a lawsuit against those officials), (DKT #21 at ¶¶ 51-52), or because the parent feels that school employees do not sufficiently recognize the full reach of his son's athletic gifts, (DKT #21 at ¶¶ 41, 43, 47, 62-63).

      Plaintiff has not stated a *plausible* federal claim based on the District's denial of independent study in lieu of the student's curricular physical education requirements. Plaintiff has not alleged any Constitutional violation or violation of federal law resulting from the denial of ISPE. Plaintiff has not alleged any facts that would raise a plausible, non-speculative basis for concluding that the denial of ISPE was made for any unlawful purpose or based on unlawful criteria. Plaintiff and his father disagree with the decision not to grant ISPE, and they disagree with the District's policy that ISPE is denied where the school offers that sport. Plaintiff appears to believe that the school should recognize him as talented enough to entitle Plaintiff to an exception to the ISPE policy. The District has not granted that exception. That may be reason for disappointment; it is not reason for a Section 1983 claim, a First Amendment Claim, an Equal Protection Claim, a Title IX claim, or any federal claim.

/ / /

/ / /

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

## C. AS PLAINTIFF HAS NO VIABLE FEDERAL CLAIM, THIS COURT LACKS SUBJECT MATTER JURISDICTION

The Court has already warned Plaintiff that if he is unable to state a viable federal claim, the Court will be dismissed for lack of subject matter jurisdiction. Plaintiff has not stated a viable or plausible federal claim. For the same reasons as stated in the first motion to dismiss – Plaintiff has not materially amended his state law claims – Plaintiff's state law claims are without merit.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court only has the power to hear cases as authorized by the United States Constitution or federal statute. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). For subject matter jurisdiction, a federal question presented by the action must be "actually disputed and substantial." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Each of Plaintiff's federal claims are insubstantial and frivolous, even beyond failing to state an actionable claim. Plaintiff's spaghetti pleading – "i.e., throwing all of plaintiff's allegations into a single pleading and hoping that some viable claim sticks" – does not suffice to provide a plausible basis for this Court to exercise jurisdiction. *See, e.g.*, *El-Shaddai v. Zamora*, No. CV 13-2327 RGK(JC), 2018 WL 3201859, at *12 (C.D. Cal. June 27, 2018). As Plaintiff has failed to remediate any of the issues the Court previously raised with respect to the federal claims, the Motion to Dismiss should be granted without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

## IV. CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Court enter an order dismissing Plaintiff's First Amended Complaint and all causes of action alleged therein on the grounds that Plaintiff has failed to allege facts sufficient to state any plausible cause of action and because Plaintiff has failed to allege a valid basis for this Court to exercise jurisdiction over this case. Defendants respectfully request that the Court deny Plaintiff leave to amend.

Respectfully submitted,

Dated: October 4, 2023              **BORDIN SEMMER, LLP**

By: *s/ Benjamin A. Sampson*
Benjamin A. Sampson, Esq.
Attorneys for Defendants, SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT, COLEEN DAVENPORT, ANTONIO SHELTON, JON KEAN

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)